# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>THE ALIERA COMPANIES, INC. d/b/a Aliera Healthcare, Inc., *et al*.,<br><br>Debtors. | **Case No. 21-11548 (TMH)**<br>Currently pending in the U.S. Bankruptcy Court For the District of Delaware |
| ALIERA LT, LLC, AS LIQUIDATING TRUSTEE FOR THE ALIERA COMPANIES, INC. D/B/A ALIERA HEALTHCARE INC., ET AL. and NEIL F. LURIA, IN HIS CAPACITY AS THE TRUSTEE OF THE SHARITY MINISTRIES, INC., LIQUIDATING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>HST-STL, LLC D/B/A COMPASS HEALTH CONSULTANTS,<br><br>Defendant. | **Adversary Proceeding No. 24-05022-jrs** |

## AMENDED JOINT STIPULATION
## EXTENDING MEDIATION PROCEDURE DEADLINES

COME NOW, Plaintiffs Aliera LT, LLC, as Liquidating Trustee (the "Trustee") for The Aliera Companies, Inc. d/b/a Aliera Healthcare, Inc., *et al* (the "Debtors") and Neil F. Luria, in his capacity as the Trustee of the Sharity Ministries, Inc. Liquidating Trust (collectively with the Trustee, the "Plaintiffs"), and Defendant HST-STL, LLC d/b/a Compass Health Consultants (the "Defendant", and together with the Plaintiffs, the "Parties"), by and through undersigned counsel, and hereby stipulate and agree to further extend the deadlines set forth in the Mediation Procedures Order (as defined below).  Pursuant to 11 U.S.C. § 105 ("Bankruptcy Code"), 28 U.S.C. § 651, Fed. R. Bankr. P. ("Bankruptcy Rule") 9006 and 9019, as well as Local Rules of the Northern

1

District of Georgia Bankruptcy Court ("Local Rule") 5071-1 and 9006-1, the Parties hereby stipulate and agree as follows:

1. The Plaintiffs commenced the above-styled action on February 15, 2024 [Docket No. 1], and subsequently filed an Amended Complaint on April 11, 2024 [Docket No. 5]. On November 7, 2024, the Defendant filed its Answer and Affirmative Defenses to the Amended Complaint [Docket No. 19].

2. On May 24, 2024, the Plaintiffs filed a *Motion to Establish Mediation Procedures* [Docket No. 10] (the "Mediation Procedures Motion") to obtain Court approval of procedures streamlining the litigation and potential resolution of the Avoidance Actions.[1]

3. Following a hearing on the Mediation Procedures Motion, the Court entered an *Order Establishing Mediation Procedures* [Docket No. 13] (the "Mediation Procedures Order") on July 5, 2024, approving the procedures attached as Schedule 1 thereto (the "Procedures").

4. Pursuant to the Mediation Procedures Order, "the deadlines contained in the Order and these Procedures may be extended and/or modified by the Court upon written motion and good cause shown or by written consent of the parties, which written consent need not be filed with the Court." *See* Mediation Procedures Order p. 7.

5. On January 29, 2025, the Parties filed a *Joint Stipulation Extending Mediation Procedure Deadlines* [Docket No. 20], extending each deadline set forth in the Procedures by sixty days.

6. In accordance with the Procedures, the Parties are in the process of scheduling a mediation date. However, given scheduling conflicts on both sides, a mediation is likely unable to occur until after the deadline to conclude the mediation currently set out in the Procedures.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Mediation Procedures Order.

7. The Parties submit that additional time is necessary to conclude the mediation, and thus agree to extend each deadline set forth in the Procedures by sixty (60) days.

8. The Parties hereby stipulate and agree that the following deadlines be extended as follows:

   i. All Avoidance Action Mediations shall be concluded by May 31, 2025.

   ii. The Parties shall within fourteen (14) days from the conclusion of an Avoidance Action Mediation file a report, signed by all parties to the Avoidance Action and their counsel, advising the Court whether or not the matter has been settled.

   iii. If an Avoidance Action Mediation results in a settlement, then the parties shall submit to this Court a stipulation of dismissal or stay of the Avoidance Action pursuant to the terms of the settlement.

   iv. If any Avoidance Action Mediation fails to result in a settlement, then counsel for the Plaintiffs shall submit a proposed scheduling order and an omnibus status hearing shall be held, pursuant to the Court's Order, no later than June 28, 2025 (the "Omnibus Status Hearing").

   v. Discovery shall remain stayed and such stay shall be lifted following the Omnibus Status Hearing and parties shall proceed with discovery according to the proposed scheduling order, the Bankruptcy Rules, the Local Rules, and any order by the Court at the hearing.

(Signature page immediately follows)

Date: April 1, 2025
Atlanta, Georgia

| | |
|---|---|
| **FURR AND COHEN, P.A.** | **GREENBERG TRAURIG, LLP** |
| */s/ Robert C. Furr* | */s/ John D. Elrod* |
| Robert C. Furr, Ga. Bar No. 280975 | John D. Elrod, Ga. Bar No. 246604 |
| Jason S. Rigoli (admitted *pro hac vice*) | Allison McGregor, Ga. Bar No. 860865 |
| 2255 Glades Road, Suite 419A | Terminus 200 |
| Boca Raton, FL 33431 | 3333 Piedmont Road NE, Suite 2500 |
| Telephone: (561) 395-0500 | Atlanta, GA 30305 |
| Facsimile: (561) 338-7532 | Telephone: (678) 553-2259 |
| Email: rfurr@furrcohen.com | Facsimile: (678) 553-2269 |
| jrigoli@furrcohen.com | Email: ElrodJ@gtlaw.com |
| | Allison.McGregor@gtlaw.com |
| *Counsel for the Defendants* | *Counsel for the Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing to electronically filed with the Clerk of Court using the CM/ECF Filing System which will automatically send notice of the electronic filing to all parties registered to receive electronic notices in this case.

*/s/ John D. Elrod*
John D. Elrod